UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHIFFON SCOTT,
*In the Matter of a Patertnity Proceeding*,

                              Petitioner,

     -against-

TIMOTHY WILLIAMS,

                              Respondent.
------------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
9:16 am, Jun 05, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
23-cv-4008 (JMA)

**AZRACK, District Judge:**

Before the Court is a Notice of Removal filed by Timothy Williams, the defendant in a family court paternity/child support case filed approximately 10 years ago in the Family Court of the State of New York, Suffolk County, under Index Nos. F-15258-13, P-01445-14 and F-01445-14, In the Matter of a Paternity Proceeding, Scott v. Williams (the "State Court Action"). Mr. Williams filed an application to proceed *in forma pauperis* along with his Notice of Removal. The Court finds Mr. Williams has established that he is unable to pay the filing fee. However, for the reasons that follow, the case is summarily remanded back to state court.

Removal of a state court case to federal court is governed by 28 U.S.C. § 1441 and, subsection (a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Further, 28 U.S.C. § 1446 governs the procedure for removal and requires that a notice of removal must generally be "filed within *30 days after receipt by the defendant . . .* of a copy of the initial pleading" and must "contain[ ] a short and plain

statement of the grounds for removal, together with a copy of *all* process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added); id. § 1446(b) (emphasis added). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "To remove a case, a defendant must comply with 28 U.S.C. § 1446." BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532, 1538 (2021). "A party seeking removal bears the burden of showing that federal jurisdiction is proper." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011). Here, there was no basis to remove the State Court Action to federal court.

As a threshold matter, Mr. Williams' Notice of Removal fails to comply with §1446(a) because he has not included a copy of all process, pleadings, and orders served upon the defendants in the State Action. The Notice of Removal is also clearly untimely.

It is doubtful that the State Court Action is even still pending given that it was commenced in 2013 and 2014 and Mr. Williams reports that child support payments have been garnished from his wages, suggesting that the matter has concluded. (*See* IFP App., ECF No. 2 at ¶¶ 2, 7.)

Most importantly, even assuming that the state court action is still pending, removal is improper because there is no basis to invoke this Court's subject matter jurisdiction. See, e.g., Chounlamontry v. Neveux, No. 3:22-CV-577 (SRU), 2022 WL 2965624, at *1 (D. Conn. July 26, 2022) ("removal statutes are to be "'strictly construed'") (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 201 (2d Cir. 2001)). Mr. Williams has not included a "short and plain

2

statement of the grounds for removal," and, upon review of the underlying Petition, there is no basis to invoke this Court's subject matter under either 28 U.S.C. §§ 1331 or 1332. Given that both parties are alleged to be New York residents, *see* Pet., ECF No. 1 at 3, ¶ 2(a)-(b), the diversity of citizenship requirement is not met. Nor does the petition allege that the amount in controversy exceeds $75,000. *See id.*, *generally*. Further, because the petition seeks to establish paternity of a female child born on October 28, 2007, no federal question is presented. Because the Court lacks subject matter jurisdiction, this case must be summarily remanded back to state court.

The Court notes that Mr. Williams has not paid the filing fee and has, instead, filed a motion to proceed *in forma pauperis*. Summary remand is also warranted here because Mr. Williams' Notice of Removal is patently "frivolous." See 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of the Court is respectfully directed to remand this case forthwith to the Family Court, Suffolk County, and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purposes of appeal.

**SO ORDERED.**                      /s/ (JMA)
                                     Hon. Joan M. Azrack
Dated:  June 5, 2023                 United States District Judge
        Central Islip, New York

3